## EX PARTE BARTON, IN RE FIGHT.

[PETITION FOR CERTIORARI TO REVISE PROCEEDINGS UNDER HABEAS
CORPUS.]

1. *Proof of domicile.*—A foreigner, who came to this country, "in a spree
or frolic," during his minority, several years before the commence-
ment of the war between the Confederate States and the United
States, leaving his parents in his native country in good pecuniary
circumstances; who always declared his intention to return home
when he attained his majority; whose conduct corroborated his de-
clarations, and who attained his majority while the ports of the Con-
federate States were blockaded,—can not be held to have acquired a
domicile in this country, and is, therefore, not subject to military ser-
vice in the armies of the Confederate States.

IN the matter of the petition of Samuel Fight for the writ
of *habeas corpus*, by which he sought to procure his dis-
charge from the custody of Capt. John S. Barton, the en-
rolling officer of the Confederate States for the county of
Montgomery, who held him as a conscript. The petition
for the writ was presented to the probate judge of Mont-
gomery, who, on the hearing, discharged the petitioner from
custody. Application is now made to this court, in the
name of the enrolling officer, for the writ of *certiorari*, or
other remedial process, to revise the decision of the probate
judge. The material facts of the case, as agreed on, are
stated in the opinion of the court.

B. F. PORTER, for the Confederate States.
GOLDTHWAITE, RICE & SEMPLE, *contra*.

A. J. WALKER, C. J.—Samuel Fight, the petitioner in
the court below, is a native of the kingdom of Bavaria. He
left the land of his nativity five or six years ago, when
sixteen years of age, and came to this country, where he
had relatives. He is the only son of parents still living,
and in good pecuniary condition, and has an only sister, all
of whom remain in Bavaria. He came, as the testimony

states, "on a spree, or frolic," and, on his arrival, declared his intention to return home, when he attained his majority; and this declaration seems to have been afterwards made on all occasions appropriate to its expression. He refused to go to school, on the ground that he did not intend to remain in this country, and did not wish to learn any thing here. When he had arrived at the age of twenty-one years, the blockade of our ports prevented the receipt of the funds from his parents, necessary to defray his expenses on the journey to his native home. His extravagance and thriftlessness have prevented him from accumulating the necessary amount of money himself. His business has been, all the time, that of a hired clerk, or of an assistant to a butcher. Since attaining majority, he has declared his intention to return as soon as he could obtain the necessary funds. These are the facts of the case, as we gather them from the statements of the witnesses.

We can not say that the petitioner has acquired no domicile in this country, because of his minority alone. It does not appear that his immigration to this country was *mero motu*, and without the consent of his parents. Besides, it was possible for him to have acquired a domicile since he arrived at the age of twenty-one years. But his youthfulness at the time of his immigration, the thoughtless levity which characterized it, and the circumstances and condition of his family, are all entitled to much weight, in determining whether he came to this country *animo revertendi*. The pecuniary condition of his parents, and the condition of his family, rendered it unnecessary to seek a livelihood in a foreign land, and afforded strong inducements to return; and his age and subsequent conduct tend to disprove the contemplation of any great enterprise, which might overcome the attractions of his home. These considerations afford a powerful corroboration to the uniform declaration that he intended to return to his native home. His declarations were made when the state of this country furnished no motive to misrepresent his purpose, and are, therefore, entitled to the greater weight as evidence of his intention. And his conduct in refusing to acquire an English education, and in confining himself to pursuits which afforded

only monthly wages, are consistent with the intention to return. All these considerations show clearly that his residence in this country has been all the time characterized by an intention to return. This was not a floating intention to return at some indefinite time. He had, on the contrary, a fixed and defined purpose to return at majority. Since he attained majority, his remaining here has been the result of constraint, produced by the blockade, which prevented him from receiving remittances from his parents.

For the reasons above stated, we decide that the petitioner has not acquired a domicile in this country, and is, therefore, not subject to conscription.

*Certiorari* refused.